# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 2, 2012        Decided December 11, 2012

No. 11-5246

JUDICIAL WATCH, INC.,
APPELLANT

v.

SOCIAL SECURITY ADMINISTRATION,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:06-cv-02034)

*Julie Axelrod* argued the cause for appellant. With her on the briefs was *Paul J. Orfanedes*.

*Jane M. Lyons*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Fred E. Haynes*, Assistant U.S. Attorney, entered an appearance.

Before: GARLAND and KAVANAUGH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Under U.S. law, employers are required to file a Form W-2 for every paid employee. The Form W-2 lists the identities of the employer and the employee, the amount that an employee has been paid, and the taxes that have been withheld by the employer. The Social Security Administration processes Forms W-2 for the IRS. On occasion, the employee's name and Social Security number as listed on a Form W-2 do not match the SSA's database. When that happens to a sufficient number of employees, the SSA sends the employer a "no-match" letter.

In 2006, Judicial Watch filed a Freedom of Information Act request with the SSA. Judicial Watch sought the names of the 100 U.S. employers that generated the most no-matches from 2001 through 2006. The agency declined to produce such records, concluding that they were exempt under FOIA Exemption 3. The District Court agreed with the agency.

We likewise conclude that the records requested by Judicial Watch are exempt from disclosure. FOIA Exemption 3 exempts records that are protected from disclosure by another statute. *See* 5 U.S.C. § 552(b)(3). Here, the Tax Code protects the confidentiality of "return information." 26 U.S.C. § 6103(a). Return information is defined to include any "data" that is "furnished to" the IRS "with respect to a return or with respect to the determination" of tax liability "of any person." *Id.* § 6103(b)(2). An employer's identity is "data" furnished to the IRS on the Form W-2 with respect to the determination of its employees' taxes. *See Landmark Legal Foundation v. IRS*, 267 F.3d 1132, 1136-37 (D.C. Cir. 2001). Therefore, the records sought by Judicial Watch would disclose "return information" and are protected from disclosure by the Tax Code. The records are in turn exempt under FOIA.

Judicial Watch contends, however, that the records fall within an exception known as the Haskell Amendment. The Haskell Amendment provides that return information "does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." 26 U.S.C. § 6103(b). But the Haskell Amendment does not apply here because Judicial Watch seeks data – the name of the employer – that can be associated with a particular taxpayer, the employer. There is no basis for reading the Haskell Amendment to apply only to the employees' identities. The Amendment speaks of "a particular taxpayer," which includes the employer. The records sought by Judicial Watch therefore do not fall within the exception set forth in the Haskell Amendment.

\* \* \*

We have considered all of Judicial Watch's arguments. We affirm the judgment of the District Court.

*So ordered.*